IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLIFFORD ZENNI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KNOWLEDGESTAFF LLC, FRAN JUSTE and JEAN DUMAS,<br><br>Defendants. | Civil Action No. 1:18-cv-8002<br><br>CLASS AND COLLECTIVE ACTION COMPLAINT |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiff Clifford Zenni ("Plaintiff" or "Zenni"), through his undersigned counsel, individually and on behalf of all others similarly situated, files this Class and Collective Action Complaint against Defendant KnowledgeStaff LLC ("KnowledgeStaff"). Plaintiff also brings individual claims against KnowledgeStaff, Fran Juste ("Juste") and Jean Dumas ("Dumas") (collectively, "Defendants"). Plaintiff alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA") and New York state law, seeking payment of back wages, including unpaid overtime wages in violation of state law, and compensation for unlawful payments which Defendants required Plaintiff to make. Plaintiff and the Class Members also seek their liquidated damages for the failure to pay wages, attorneys' fees and costs, and all other relief the Court deems proper.

1

2. Plaintiff alleges that he and other similarly situated consultants were knowingly and improperly classified as independent contractors, and, as a result, did not receive legally required compensation, including overtime pay, for hours worked in excess of forty (40) in a workweek.

3. In addition, Plaintiff alleges that, while working for KnowledgeStaff, he was required to make payments in the amount of several hundred dollars each week in order to receive shift assignments. These payments constitute unlawful kickbacks in violation of the FLSA and/or forced deductions within the meaning of the New York Labor Law.

4. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## JURISDICTION AND VENUE

5. Jurisdiction over Plaintiff's FLSA claims is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims derive from a common nucleus of operative facts.

7. Venue in this Court is proper pursuant to 28 U.S.C. § 1391, because Defendant KnowledgeStaff maintains its principal place of business in New York, New York, in this judicial district, and because a substantial part of the events giving rise to Plaintiff's claims took place in this district.

## PARTIES

8. Plaintiff Clifford Zenni is an individual residing in Miami, Florida. Zenni worked for Defendant as a consultant providing support and training to KnowledgeStaff's clients in using a new recordkeeping system in New York and Florida between October 2016 and September 2017.

9. KnowledgeStaff ("Defendant" or "KnowledgeStaff") is a New York limited liability company providing information technology educational services for the healthcare industry across the country. KnowledgeStaff LLC maintains its principal office at 5 Penn Plaza, 19th Floor, New York, New York 10001.

10. Defendant Fran Juste is an adult resident of New Jersey. Defendant Juste worked for KnowledgeStaff as a project manager between approximately 2016 and 2017. In this capacity, Ms. Juste supervised Plaintiff's work and was in charge of shift scheduling.

11. Defendant Jean Dumas is an adult resident of New Jersey. Defendant Dumas worked for KnowledgeStaff between approximately 2016 and 2017 as a consultant. Mr. Dumas is Ms. Juste's husband.

12. KnowledgeStaff employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

13. KnowledgeStaff's annual gross volume of sales made or business done exceeds $500,000.

## CLASS DEFINITIONS

14. Plaintiff brings Count I of this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of himself and the following class of potential FLSA opt-in litigants:

> All individuals who worked for KnowledgeStaff providing training and support to KnowledgeStaff's clients in using electronic recordkeeping systems in the United States from August 31, 2015 to the present and did not receive overtime premium pay for hours worked in excess of 40 a week (the "FLSA Collective").

15. Plaintiff brings Count II of this lawsuit pursuant to Fed. R. Civ. P. 23 on behalf of himself and the following class:

3

> All individuals who worked for KnowledgeStaff providing training and support to KnowledgeStaff's clients in using electronic recordkeeping systems in New York from August 31, 2012 to the present and did not receive overtime premium pay for hours worked in excess of 40 a week (the "New York Class").

16. The FLSA Collective and the New York Class are together referred to as the "Classes."

17. Plaintiff reserves the right to redefine the Classes prior to notice and class certification, and thereafter, as necessary.

## FACTS

18. As a leading healthcare information technology firm, KnowledgeStaff provides training and support to medical facilities in connection with the implementation of new electronic recordkeeping systems. KnowledgeStaff employs consultants, such as Plaintiff, who perform such training and support services throughout the United States.

19. KnowledgeStaff's financial results are significantly driven by the number of consultants performing training and support services for KnowledgeStaff's customers and the fees that KnowledgeStaff charges the customers for these services.

20. Between approximately October 2016 and September 2017, Zenni was assigned by KnowledgeStaff to provide training and support services to healthcare staff at New York Presbyterian Hospital in New York and Florida.

21. Plaintiff was classified by KnowledgeStaff as an independent contractor and was paid on a straight hourly basis. He did not receive an overtime premium for hours worked in excess of forty a week.

22. Plaintiff was required to make payments, which totaled several hundred dollars a week, in order to be scheduled for work shifts. Defendant Fran Juste, who was Plaintiff's project manager, requested that Plaintiff make these payments to Mr. Dumas' account. If Plaintiff did not

make these payments, he would not be scheduled to work for KnowledgeStaff, and would not be able to make any money.

**Plaintiff and Members of the Classes are Employees as a Matter of Economic Reality**

23. The work performed by Plaintiff and Class Members is an integral part of KnowledgeStaff's business. KnowledgeStaff is in the business of providing information technology educational services to the healthcare industry. Plaintiff and Class Members provide support and training to KnowledgeStaff's clients in connection with the implementation of electronic recordkeeping systems.

24. Plaintiff's and Class Members' duties do not involve managerial work. They follow the instructions provided to them by KnowledgeStaff in performing their work, which is basic training and support in using electronic recordkeeping systems.

25. Plaintiff and Class Members do not make any significant relative investments in relation to their work with KnowledgeStaff. KnowledgeStaff provides the training and equipment required to perform the functions of their work.

26. Plaintiff and the Class Members have little or no opportunity to experience a profit or loss related to their employment. KnowledgeStaff pays Plaintiff and the Class Members a fixed hourly rate. Plaintiff and the Class Members do not share in KnowledgeStaff's monetary success; their income from their work is limited to their hourly rate.

27. Plaintiff's and Class Members' work does not require special skills, judgment or initiative. KnowledgeStaff provides training to Plaintiff and Class Members, which they use to provide training and support to KnowledgeStaff's clients.

28. Plaintiff and Class Members are economically dependent on KnowledgeStaff. Plaintiff and Class Members are entirely dependent upon KnowledgeStaff for their business, as

5

they are not permitted to perform services for any other company during their time working for KnowledgeStaff.

29. Plaintiff and Class Members are not customarily engaged in an independently established trade, occupation, profession or business.

30. Plaintiff and Class Members typically enter into successive projects for KnowledgeStaff. Plaintiff worked for KnowledgeStaff over the course of more than a year.

31. Plaintiff and Class Members have little or no authority to refuse or negotiate KnowledgeStaff's rules and policies; they must comply or risk discipline and/or termination.

32. KnowledgeStaff instructs Plaintiff and Class Members concerning how to do their work and dictates the details of the performance of their jobs. For example:

   a. KnowledgeStaff, not Plaintiff or Class Members, conducts all of the billing and invoicing to KnowledgeStaff's clients for the work. KnowledgeStaff bills the third-party customers directly;

   b. Plaintiff and Class Members have no control over what prices to charge, or the scheduling of shifts. All negotiations over the cost of the work are done directly between KnowledgeStaff and the third-party client;

   c. KnowledgeStaff requires Plaintiff and Class Members to work the entire project from inception to conclusion;

   d. KnowledgeStaff provides all training needed for Plaintiff and Class Members to perform their work; and

   e. KnowledgeStaff requires Plaintiff and Class Members to perform in accordance with KnowledgeStaff's policies, manuals, standard operating procedures and the third-party client's requirements.

33. Plaintiff and Class Members often work approximately twelve (12) hours per day, up to seven (7) days per week while working for KnowledgeStaff.

34. Plaintiff and Class Members have to request KnowledgeStaff's approval for time off. KnowledgeStaff has the discretion to grant or deny such requests.

**Plaintiff and Members of the Classes are not Exempt Employees Under the FLSA**

35. Plaintiff and Members of the Classes provide support and training to hospital staff in connection with electronic recordkeeping systems.

36. Plaintiff has no specialized training or certification in computer programming, software documentation and analysis, or testing of computer systems or programs.

37. Plaintiff has only a high school diploma.

38. Plaintiff and Members of the Classes are not working as, nor are they similarly skilled as computer systems analysts, computer programmers, or software engineers, as defined in 29 C.F.R. § 541.400(a).

39. Plaintiff's and Class Members' primary duties consist of training and aiding healthcare staff with using the new recordkeeping software. This type of user support is also known as "at the elbow."

40. Plaintiff's and Class Members' primary duties do not include the higher skills of the "application of systems analysis techniques and procedures," pursuant to 29 C.F.R. § 541.400(b)(1).

41. Plaintiff and Members of the Classes do not analyze, consult or determine hardware, software programs or any system functional specifications for KnowledgeStaff's clients. *See id.*

42. Plaintiff and Members of the Classes do not consult with KnowledgeStaff's customers to determine or recommend hardware specifications.

43. Plaintiff and Members of the Classes do not design, develop, document, analyze, create, test or modify a computer system or program, as defined in 29 C.F.R. § 541.400(b)(2).

44. While Plaintiff's and Class Members' work is computer related, they are not "primarily engaged in computer systems analysis and programming." U.S. Dept. of Labor, Wage & Hour Div., Fact Sheet #17E: Exemption for Employees in Computer-Related Occupations under the Fair Labor Standards Act (FLSA). Plaintiff and Members of the Classes provide support and training in using electronic recordkeeping systems to KnowledgeStaff's clients.

45. Plaintiff and the Class Members are not employed at an "educational establishment" as required by 29 C.F.R. § 541.303(a) and 29 C.F.R. § 541.204(b).

46. Plaintiff and the Class Members are employed by KnowledgeStaff.

47. KnowledgeStaff is neither an "educational establishment" as required by 29 C.F.R. § 541.204(b) nor a "school or school system" as required by 29 C.F.R. § 541.303(c).

48. KnowledgeStaff does not require that Plaintiff and the Class Members maintain any teaching certification as a condition of employment.

49. Plaintiff and the Class Members are not primarily engaged in the act of teaching. Instead, they worked alongside the doctors and medical staff to train them on the basic functions of the new electronic recordkeeping systems.

**Plaintiff and Members of the Classes Routinely Work in Excess of 40 Hours a Week**

50. Plaintiff and Members of the Classes routinely work in excess of forty (40) hours per workweek, but are not paid overtime compensation as required by the FLSA.

51. Plaintiff and Members of the Classes are frequently required to work twelve (12) hours a day, six or seven days a week.

52. Plaintiff and Members of the Classes are paid only a straight hourly rate. They do not receive overtime compensation at one and one-half (1 ½) times their regular pay rate for hours worked in excess of forty (40) hours per week, as required by the FLSA and New York law.

53. Plaintiff and Members of the Classes are not paid on a salary basis.

**KnowledgeStaff Willfully Violated the FLSA**

54. KnowledgeStaff and its senior management had no reasonable basis to believe that Plaintiff and the members of the FLSA Collective were independent contractors exempt from the requirements of the FLSA. Rather, KnowledgeStaff either knew or acted with reckless disregard of clearly applicable FLSA provisions in classifying Plaintiff and the FLSA Collective as independent contractors exempt from the overtime provisions of the FLSA. Such willfulness is demonstrated by, or may be reasonably inferred from, KnowledgeStaff's actions and/or failures to act, including the following:

   a. At all times relevant hereto, KnowledgeStaff maintained payroll records which reflected the fact that Plaintiff and the FLSA Collective did, in fact, regularly work in excess of 40 hours per week, and thus, KnowledgeStaff had actual knowledge that Plaintiff and the FLSA Collective worked overtime;

   b. At all times relevant hereto, KnowledgeStaff knew that it did not pay Plaintiff and the FLSA Collective one and one-half (1 ½) times their regular pay rate for hours worked in excess of forty (40) hours per week;

   c. As evidenced by its own job offer letters and training materials for consultants, at all times relevant hereto, KnowledgeStaff was aware of the nature of the work

9

        performed by its consultants, and, in particular, that such individuals worked exclusively at-the-elbow of healthcare workers employed by KnowledgeStaff's clients, providing basic training and support;

d. As evidenced by its own job offer letters and training materials for consultants, KnowledgeStaff knew and understood that it was subject to the wage requirements of the FLSA as an "employer" under 29 U.S.C. § 203(d).

e. At all times relevant hereto, KnowledgeStaff was aware that its consultants did not engage in: (i) computer systems analysis, computer programming, or software engineering, as defined in 29 C.F.R. § 541.400(a); (ii) the application of systems analysis techniques and procedures, as defined in 29 C.F.R. § 541.400(b)(1); or (iii) the design, development, analysis, creation, testing or modification of a computer system or program, as defined in 29 C.F.R. § 541.400(b)(2);

f. KnowledgeStaff lacked any reasonable or good faith basis to believe that its consultants fell within any exemption from the overtime requirements of the FLSA. Rather, KnowledgeStaff deliberately misclassified its consultants as independent contractors in order to avoid paying them overtime compensation to which they were entitled;

g. At all times relevant hereto, KnowledgeStaff was aware that it would (and, in fact did) benefit financially by failing to pay Plaintiff and the FLSA Collective one and one-half (1 ½) times their regular pay rate for hours worked in excess of forty (40) hours per week; and

h. KnowledgeStaff had (and has) a strong financial motive to violate the requirements of the FLSA by misclassifying its consultants as independent contractors.

55. Based upon the foregoing, KnowledgeStaff was cognizant that, or recklessly disregarded whether, its conduct violated the FLSA.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

56. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

57. Plaintiff desires to pursue FLSA claims on behalf of all individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

58. Plaintiff and the FLSA Collective Members are "similarly situated" as that term is used in 29 U.S.C. § 216(b) because, *inter alia*, all such individuals have been subject to KnowledgeStaff's common business and compensation practices as described herein, and, as a result of such practices, have not been paid the legally mandated overtime compensation for hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, KnowledgeStaff's common misclassification, compensation and payroll practices.

59. The FLSA requires non-exempt hourly employees to be compensated at a rate of 1.5 times the regular hourly rate for all hours worked over 40 in a week.

60. KnowledgeStaff misclassified Plaintiff and FLSA Collective Members as independent contractors exempt from the overtime requirements of the FLSA and failed to provide them overtime compensation for hours worked in excess of 40 a week.

61. The similarly situated employees are known to KnowledgeStaff, are readily identifiable, and can easily be located through KnowledgeStaff's business and human resources records.

62.     KnowledgeStaff employs many FLSA Collective Members throughout the United States. These similarly situated employees may be readily notified of this action through U.S. Mail and/or other means, and allowed to opt in to this action pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest) and attorneys' fees and costs under the FLSA.

### NEW YORK CLASS ACTION ALLEGATIONS

63.     Plaintiff brings Count II of this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and the New York Class defined above.

64.     The members of the New York Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than forty (40) members of the New York Class.

65.     Plaintiff will fairly and adequately represent and protect the interests of the New York Class because there is no conflict between the claims of Plaintiff and those of the New York Class, and Plaintiff's claims are typical of the claims of the New York Class. Plaintiff's counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

66.     There are questions of law and fact common to the proposed New York Class, which predominate over any questions affecting only individual Class Members, including, without limitation, whether KnowledgeStaff has violated and continues to violate New York law through its policy or practice of misclassifying consultants as exempt from the FLSA's overtime requirements, and thereby failing to pay them overtime compensation.

67.     Plaintiff's claims are typical of the claims of the New York Class Members in the following ways, without limitation: (a) Plaintiff is a member of the New York Class; (b) Plaintiff's

claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the New York Class; (c) Plaintiff's claims are based on the same legal and remedial theories as those of the New York Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiff and the New York Class Members; and (e) the injuries suffered by Plaintiff are similar to the injuries suffered by the New York Class Members.

68. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New York Class predominate over any questions affecting only individual Class Members.

69. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The New York Class Members are readily identifiable from KnowledgeStaff's own records. Prosecution of separate actions by individual members of the New York Class would create the risk of inconsistent or varying adjudications with respect to individual New York Class Members that would establish incompatible standards of conduct for KnowledgeStaff.

70. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the New York Class Members, while substantial, are not great enough to enable them to maintain separate suits against KnowledgeStaff.

71. Without a class action, KnowledgeStaff will retain the benefit of its wrongdoing, which will result in further damages to Plaintiff and the New York Class. Plaintiff envisions no difficulty in the management of this action as a class action.

## COUNT I
### FLSA – Overtime Wages
**(On Behalf of Plaintiff and the FLSA Collective)**

72. All previous paragraphs are incorporated as though fully set forth herein.

73. The FLSA defines "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee..." 29 U.S.C. § 203(d).

74. KnowledgeStaff is subject to the wage requirements of the FLSA because KnowledgeStaff is an "employer" under 29 U.S.C. § 203(d).

75. At all relevant times, KnowledgeStaff has been an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

76. During all relevant times, Plaintiff and the FLSA Collective Members have been covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

77. Plaintiff and the FLSA Collective are not exempt from the requirements of the FLSA.

78. Plaintiff and the FLSA Collective Members are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1).

79. KnowledgeStaff, pursuant to its policies and practices, failed and refused to pay overtime compensation to Plaintiff and the FLSA Collective members for their overtime hours worked by misclassifying Plaintiff and the FLSA Collective as independent contractors exempt

from the overtime requirements of the FLSA.

80. KnowledgeStaff knowingly failed to compensate Plaintiff and the FLSA Collective Members at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

81. At all relevant times, KnowledgeStaff paid only "straight-time" for hours worked over 40 in a week, and even then the overtime wages were not paid "free and clear" but were further reduced by required kickbacks to management in exchange for the work.

82. In violating the FLSA, KnowledgeStaff acted willfully and with reckless disregard of clearly applicable FLSA provisions.

83. In violating the FLSA, on information and belief, KnowledgeStaff did not have any good faith basis to rely on any legal opinion or advice to the contrary.

## COUNT II
### Violation of New York Minimum Wage Act
### (On Behalf of Plaintiff and the New York Class)

84. All previous paragraphs are incorporated as though fully set forth herein.

85. Overtime compensation due to New York workers is governed by New York Labor Law ("NYLL"), N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.2.

86. NYLL requires that non-resident employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed. *See* N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.2.

87. NYLL requires that resident employees be compensated for all hours worked in excess of forty-four (44) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed. *See* N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.2.

88. KnowledgeStaff is subject to the wage requirements of the NYLL because KnowledgeStaff is an "employer" under N.Y. LAB. LAW § 651(6).

89. During all relevant times, Plaintiff and the New York Class were covered employees entitled to the above-described NYLL's protections. *See* N.Y. LAB. LAW § 651(5) and N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.14.

90. Plaintiff and the New York Class are not exempt from the requirements of the NYLL.

91. KnowledgeStaff is required by NYLL to pay Plaintiff and the New York Class time and one-half (1 ½) the regular rate of pay for any work in excess of forty (40) hours for non-residents and forty-four (44) hours for residents pursuant to N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.2.

92. KnowledgeStaff violated Plaintiff's and the New York Class Members' rights by failing to pay them the legally required amount of overtime compensation at rates not less than one and one-half (1 ½) times the regular rate of pay their regular rate of pay to which they are entitled under N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.2.

93. Specifically, KnowledgeStaff, pursuant to its policies and practices, failed and refused to pay overtime premiums to Plaintiff and the New York Class for all their overtime hours worked by misclassifying Plaintiff and the New York Class as independent contractors exempt from the requirements of the NYLL.

94. In violating the NYLL, KnowledgeStaff acted willfully and with reckless disregard of clearly applicable NYLL provisions.

## COUNT III
### FLSA – Kickbacks
### (On Behalf of Plaintiff)

95. All previous paragraphs are incorporated as though fully set forth herein.

96. Under the FLSA and its accompanying regulations, an employer must pay minimum and overtime wages "unconditionally" and "free and clear" of any reductions. 29 C.F.R. § 531.35.

97. Plaintiff Zenni was required to make payments to Defendants Juste and Dumas in order to be scheduled for shifts with KnowledgeStaff. If he did not make the required payments, he would not receive shift assignments. These payments were made for the benefit of Juste and Dumas and KnowledgeStaff.

98. The payments made by Zenni amounted to several hundred dollars each week. As a result, Zenni's "straight-time" overtime wages were further reduced by the kickbacks not paid "free and clear" as required by the FLSA's kickback provision.

99. During the course of Zenni's work for KnowledgeStaff, upon information and belief, KnowledgeStaff was aware of the payments made by Zenni and others to Juste and Dumas and did nothing to stop Juste and Dumas from collecting these payments.

100. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

101. Zenni is entitled to recover the value of these payments, as well as liquidated damages, attorneys' fees, and costs.

## COUNT IV
### Violation of New York Labor Law § 193
### (On Behalf of Plaintiff)

102. All previous paragraphs are incorporated as though fully set forth herein.

103. NYLL § 193 prohibits employers form making deductions from employees' pay unless these deductions are authorized in writing and made for the benefit of the employee.

104. Plaintiff Zenni was unlawfully required to pay fees, amounting to several hundred dollars each week to Defendant Dumas, in order to receive shift assignments from Defendant Juste. If he did not pay these fees, Plaintiff would not be scheduled to work and would not make any money.

105. These payments were not for the benefit of Plaintiff, nor did they fall within the enumerated types of deductions permitted by NYLL § 193.

106. Defendants are liable to Plaintiff for the value of these payments.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff seeks the following relief on behalf of himself and the Members of the Classes:

a. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential members of the FLSA Collective;

c. An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the New York Class;

d. An order appointing Plaintiff's attorneys as Class Counsel;

e. Back pay damages (including unpaid overtime compensation and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

f. Liquidated damages to the fullest extent permitted under the law;

g. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

h. Such other and further relief as this Court deems just and proper.

Dated: August 31, 2018              Respectfully submitted,

                                         _/s/ Russell Paul_____
                                         Russell Paul (ID #2361939)
                                         Shanon J. Carson*
                                         Sarah R. Schalman-Bergen*
                                         Alexandra K. Piazza*
                                         BERGER MONTAGUE PC
                                         1818 Market Street, Suite 3600
                                         Philadelphia, PA 19103
                                         Telephone: (215) 875-3000
                                         Facsimile: (215) 875-4604
                                         rpaul@bm.net
                                         scarson@bm.net
                                         sschalman-bergen@bm.net
                                         apiazza@bm.net

                                         Harold Lichten*
                                         Olena Savytska*
                                         LICHTEN & LISS-RIORDAN, P.C.
                                         729 Boylston St., Suite 2000
                                         Boston, MA 02116
                                         Telephone: (617) 994-5800
                                         Facsimile: (617) 994-5801
                                         hlichten@llrlaw.com
                                         osavytska@llrlaw.com

                                         David M. Blanchard*
                                         BLANCHARD & WALKER, PLLC
                                         221 N. Main Street, Suite 300
                                         Ann Arbor, MI 48104
                                         Telephone: 734.929.4313
                                         blanchard@bwlawonline.com

                                         *Attorneys for Plaintiff*
                                         *and the Proposed Classes*

                                         *Application for admission to be filed