# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLIFFORD ZENNI, individually and on behalf of all others similarly situated, <br><br>      Plaintiff,<br><br>v.<br><br>KNOWLEDGESTAFF LLC,<br><br>      Defendant. | Civil Action No. 1:18-cv-08002 |

## FLSA SETTLEMENT AGREEMENT

This FLSA Settlement Agreement ("Settlement Agreement", "Settlement" or "Agreement") is entered into between Plaintiff Clifford Zenni ("Zenni"), Opt-In Plaintiffs Stanley Jean ("Jean"), Stefan Romero ("Romero"), and Yesenia Rivera ("Rivera") (collectively, the "Opt-Ins" and, together with Zenni, the "Plaintiffs"), and Defendant KnowledgeStaff I, Inc. (sued herein as KnowledgeStaff LLC) ("KnowledgeStaff" or "Defendant"), subject to the approval of the Court. Plaintiffs and Defendant are referred to collectively as the "Parties." In consideration of the following and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby agreed as follows:

   1. Plaintiff Zenni filed the above-captioned lawsuit in the United States District Court for the Southern District of New York on August 31, 2018, alleging that KnowledgeStaff (i) misclassified its consultants as independent contractors and denied them overtime compensation when they worked more than 40 hours in a workweek, and (ii) caused them to pay alleged "kickbacks" in exchange for work shift assignments, both in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") and New York Labor Law.

   2. Following the filing of Plaintiff's Complaint, the Parties engaged in informal information exchanges, including documents and materials concerning the circumstances surrounding Plaintiff Zenni's hiring, wage rates, total compensation, work shift selection, and number of hours worked weekly, and engaged in settlement discussions. These discussions continued after the Court ordered the Parties to participate in mediation on October 15, 2018.

   3. In the following weeks, three additional individuals – Opt-Ins Jean, Romero and Rivera – opted into this case. As part of the pre-mediation settlement efforts, the parties exchanged similar documents and information regarding the Opt-Ins as they had exchanged pertaining to Zenni.

   4. On November 7, 2018, the Parties reached an agreement to resolve this case on behalf of the Plaintiffs. Without need for mediation, the Parties agreed to settle the claims of Plaintiffs pursuant to the terms of this Settlement Agreement.

1

5.      Plaintiffs' Counsel has made a thorough and independent investigation of the facts and law relating to the allegations in this lawsuit. In agreeing to this Settlement Agreement, Plaintiffs have considered: (a) the facts developed during the pre-mediation process and the law applicable thereto; (b) the risks of continued litigation; and (c) the desirability of consummating this Settlement according to the terms of this Settlement Agreement. Plaintiffs have concluded that the terms of this Settlement Agreement are fair and reasonable, and that it is in the best interests of Plaintiffs to settle their claims against KnowledgeStaff as set forth herein.

7.      KnowledgeStaff denies the allegations in this lawsuit and that it misclassified any consultants or sought "kickbacks" at any time, and further denies any liability for the alleged failure to pay overtime compensation or to otherwise withhold proper wages. KnowledgeStaff is entering this Agreement to eliminate the burden, risk, and expense of further litigation. This Settlement Agreement and all related documents are not and shall not be construed as an admission by KnowledgeStaff of any fault, liability, or wrongdoing, which KnowledgeStaff expressly denies.

8.      In exchange for the consideration set forth in this Settlement Agreement, Plaintiffs agree to release KnowledgeStaff, and all of its affiliates, business units, members, shareholders, predecessors, successors, officers, directors, agents, employees, and assigns, from any and all local, state, and federal wage and hour-related claims that accrued during the Plaintiffs' work with KnowledgeStaff as independent contractors between August 31, 2015 and the date this agreement is fully executed, including claims for unpaid wages, "kickbacks," overtime, liquidated damages, penalties, interest, attorneys' fees and costs, and claims derived from the alleged failure to pay overtime or other due wages during that period that were or could have been brought in the Action.

9.      Within five (5) business days of the Court's Order finally approving the Settlement (the date of entry of which will be the "Effective Date" of the Settlement), KnowledgeStaff shall electronically transfer the Gross Settlement Amount of Twenty-Two Thousand five Hundred Dollars ($22,500.00) to an interest bearing escrow account identified by Plaintiffs' Counsel. No amount of the Gross Settlement Amount shall revert to Defendant.

10.     Promptly following receipt of the Gross Settlement Amount, Plaintiffs' Counsel shall file for the Court's signature a Judgment dismissing this action with prejudice.

11.     Subject to the Court's Approval Order, Plaintiffs' Counsel shall receive attorneys' fees and costs in the amount of one-third (1/3) of the Gross Settlement Amount, in compensation for all work performed to date as well as all work remaining to be performed in the Action, including but not limited to documenting the Settlement, ensuring it is fairly administered and implemented, and obtaining final dismissal of the Action.

12.     Subject to the Court's Approval Order, Plaintiff Zenni shall receive from the Gross Settlement Amount a Service Award of $3,000 for his efforts in bringing and prosecuting this matter, and shall be issued a Form 1099 for this payment.

13.     The Net Settlement Amount shall be apportioned among the Plaintiffs as follows:

> i.      For each overtime hour worked during the Relevant Time Period, each Plaintiff shall receive one (1) settlement share.

    ii.  The total number of settlement shares for all Plaintiffs will be added together and the resulting sum will be divided into the Net Settlement Amount to reach a per share dollar figure. That figure will then be multiplied by each Plaintiff's number of settlement shares to determine each Plaintiff's Settlement Award.

 14. All Settlement Awards to Plaintiffs set forth above shall be reported on an IRS Form 1099 and shall not be subject to FICA and FUTA withholding taxes.

 15. Plaintiffs' Counsel shall mail all Settlement Awards to Plaintiffs, and release all attorneys' fees and costs, within fourteen (14) days after the Effective Date or as soon as practicable.

 16. The checks issued to each Plaintiff shall expire one hundred eighty (180) days from the date of issuance (the "Check Cashing Deadline"). In the event a Plaintiff does not deposit his or her check on or before the Check Cashing Deadline, that Plaintiff's check will be voided and the funds attributed to that Plaintiff will be donated to the Parties' agreed upon *cy pres* recipient, New York Legal Assistance Group.

 17. KnowledgeStaff's legal fees and expenses in this Action shall be borne by KnowledgeStaff.

 18. This Settlement Agreement shall be governed by and interpreted according to the laws of the state of New York, without regard to that state's conflict of laws principles.

 19. The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement and all orders and judgments entered in connection therewith, and the Parties and their Counsel submit to the jurisdiction of the Court for this purpose.

 IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFF:** _/s/ Clifford Zenni_    Date: December 06, 2018
      Clifford Zenni

**OPT-IN PLAINTIFF:** _/s/ Stanley Jean_  Date: December 6, 2018
      Stanley Jean

**OPT-IN PLAINTIFF:** _/s/ Stefan Romero_  Date: December 6, 2018
      Stefan Romero

**OPT-IN PLAINTIFF:** _/s/ Yesenia Rivera_  Date: December 9, 2018
      Yesenia Rivera

3

**APPROVED AS TO FORM BY PLAINTIFFS' COUNSEL:**

_____   Date: December 5, 2018
Harold Lichten
Olena Savytska
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116

_____   Date: December 6, 2018
Shanon J. Carson
Sarah R. Schalman-Bergen
Alexandra K. Piazza
BERGER MONTAGUE PC
1818 Market St., Suite 3600
Philadelphia, PA 19103

_____   Date: December 6, 2018
David M. Blanchard
BLANCHARD & WALKER PLLC
221 N Main Street, Suite 300
Ann Arbor, MI 48104

**DEFENDANT:**   _____   Date: December ___, 2018
KnowledgeStaff LLC

**APPROVED AS TO FORM BY DEFENDANT'S COUNSEL:**

_____   Date: December ___, 2018
Alexander H. Schmidt
Fairways Professional Plaza
5 Professional Circle, Ste. 204
Colts Neck, New Jersey 07722

**APPROVED AS TO FORM BY PLAINTIFFS' COUNSEL:**

_____   Date: December __, 2018
Harold Lichten
Olena Savytska
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116

_____   Date: December __, 2018
Shanon J. Carson
Sarah R. Schalman-Bergen
Alexandra K. Piazza
BERGER MONTAGUE PC
1818 Market St., Suite 3600
Philadelphia, PA 19103

_____   Date: December __, 2018
David M. Blanchard
BLANCHARD & WALKER PLLC
221 N Main Street, Suite 300
Ann Arbor, MI 48104

**DEFENDANT:**   _/s/_____   Date: December 6, 2018
KnowledgeStaff I, Inc.

**APPROVED AS TO FORM BY DEFENDANT'S COUNSEL:**

_/s/ Alexander H. Schmidt_____   Date: December 6, 2018
Alexander H. Schmidt
Fairways Professional Plaza
5 Professional Circle, Ste. 204
Colts Neck, New Jersey 07722

4