UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| USDC-SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC#: |
| DATE FILED: 4/18/19 |

CLIFFORD ZENNI, *individually and on behalf of all others similarly situated*,

Plaintiff,

v.

KNOWLEDGESTAFF LLC,

Defendant.

No. 18-CV-8002 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff Clifford Zenni ("Zenni") commenced this action against Defendant Knowledge Staff LLC for alleged violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Three additional Plaintiffs—Stanley Jean, Stefan Romero, and Yesenia Rivera—have opted into the case (together with Zenni, "Plaintiffs"). *See* Dkts. 24, 26. Now before the Court is an application for approval of a settlement agreement as between Plaintiffs and Defendant. *See* Joint Mot. Settlement Approval ("Joint Mot.") ¶ 3 (Dkt. 38); Settlement Agreement (Dkt. 42). Because the Court will not award Zenni a $3,000 "service award," for the reasons explained below, the parties' motion to approve the settlement is denied.

Under the proposed settlement agreement, Defendant agrees to pay Plaintiffs a total of $22,500. *See* Settlement Agreement ¶ 9. The total settlement amount exclusive of attorney's fees and costs (the "net settlement amount")—approximately $15,000—constitutes over 42% of the estimated total unliquidated damages that Plaintiffs could have recovered in this case. *See* Joint Mot. 5. This amount is fair "in light of the legal and evidentiary challenges that would face the plaintiff[] in the absence of a settlement." *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 342 (S.D.N.Y. 2016); *see also Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460,

at *2 (S.D.N.Y. Dec. 14, 2015) (approving a settlement of approximately 25 percent of the maximum possible recovery).

The requested award of attorney's fees and costs is also reasonable. "In an FLSA case, the Court must independently ascertain the reasonableness of the fee request." *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 229–30 (S.D.N.Y. 2016). A contingency fee award is presumptively valid where "the proposed fee amount is exactly one-third of the net settlement amount, which is an amount routinely approved under the percentage method" in this district, "particularly where it is pursuant to a previously negotiated retainer agreement." *Angamarca v. Hud-Moe LLC*, No. 18-CV-1334 (RA), 2018 WL 6618412, at *1 (S.D.N.Y. Dec. 17, 2018). The proposed settlement amount of $22,500 allocates $7,500 in attorney's fees and costs, which amounts to 33% of the settlement amount, and which is consistent with the parties' fee agreement. *See* Joint Mot. at 7. The Court thus approves the proposed attorney's fees under the percentage of the fund method.

The Court does not take issue with Plaintiffs' release of claims. "In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung*, 226 F. Supp. 3d at 228 (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Here, Plaintiffs' releases are tied to this case or to wage-and-hour issues: they agree to release "any and all . . . wage and hour-related claims that accrued during [their] work with [Defendant] as independent contractors between August 31, 2015 and the date this agreement is fully executed[.]" Settlement Agreement ¶ 8. This release is sufficiently narrow to survive judicial scrutiny, especially given that it appears to have been the "fair result of a balanced negotiation, in which Plaintiff[] w[as] represented by able counsel." *See*

*Candido v. Prosperty 89 Corp.*, No. 17-CV-3310(RA), 2018 WL 4778918, at *2 (S.D.N.Y. Oct. 3, 2018) (noting that there is "nothing inherently unfair about a release of claims in an FLSA settlement" in such situations). The Court therefore finds that the release in the proposed settlement agreement is fair and reasonable.

The Court cannot approve the proposed service award, however. Of the net settlement amount, $3,000 represents a "Service Award" to be paid to Zenni for "his efforts in bringing and prosecuting this matter," which included "provi[ding] significant assistance to Plaintiffs' Counsel as they drafted the Complaint, review[ing] Defendant's document production, and prepar[ing] for mediation[.]" Settlement Agreement ¶ 12; Joint Mot. at 6. The remainder of the net settlement amount is to be apportioned among the Plaintiffs based on their respective number of overtime hours worked. Settlement Agreement ¶ 13.

It is true that "[s]ervice awards are common in class action cases and serve to compensate plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by the plaintiffs." *Reyes v. Altamarea Group, LLC*, No. 10-CV-6451 RLE, 2011 4599822, at *9 (S.D.N.Y. Aug. 16, 2011). But these awards are commonly approved in connection with proposed *class* settlements after a class has been certified as a collective or class action, whereas Plaintiffs here have not moved to certify a class. Indeed, the three cases cited by the parties in support of Zenni's proposed $3,000 service award were approved in connection with class settlements ranging between $2.5 million and $4.9 million. *See Mills v. Capital One, N.A.*, No. 14 Civ. 1937(HBP), 2015 WL 5730008, at *18 (S.D.N.Y. Sept. 30, 2015) (approving $6,000 service awards for named plaintiffs with respect to class settlement fund of $3 million); *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 624 (S.D.N.Y. 2012) (approving $7500 service award to

named plaintiff with respect to class settlement fund of approximately $2.5 million); *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 473 (S.D.N.Y. 2013) (approving $7,500 service awards to certain plaintiffs with respect to settlement fund of over $4.85 million). Although the parties are correct that the $3,000 service award here is similar in its absolute value to the service awards in the foregoing cases, as a percentage of the total settlement fund, Zenni's proposed service award is forty-three to sixty-five times greater than those service awards. Moreover, Zenni has not submitted any affidavit setting forth the number of additional hours he purportedly spent in assisting counsel nor an articulated basis for any "fears that his role in this case could deleteriously affect his future employment opportunities," such that the Court lacks a sufficient basis to consider approving even a more modest service award. *See Ortiz v. Chop't Creative Salad Co. LLC*, 89 F. Supp. 3d 573, 583 (S.D.N.Y. 2015) (rejecting service awards based on "[t]he named plaintiffs [having] contributed *de minimis* time and effort in pursuing this action" and where "they did not undertake any demonstrable risks warranting service awards").

## CONCLUSION

For the foregoing reasons, the Court cannot approve the proposed Settlement Agreement. The parties may proceed as follows no later than May 2, 2019:

1. The parties may file a revised Agreement that either (a) does not include a service award, or (b) includes a significantly reduced service award that is accompanied by an affidavit of Plaintiff Zenni setting forth the basis for such an award with a record of the number of hours spent in assisting counsel;

2. The parties may file a joint letter indicating their intention to abandon the Settlement Agreement and continue pursuing this litigation;

3. The parties may stipulate to a dismissal of this action without prejudice, as the Second Circuit has not expressly held that such settlement agreements require court approval. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 201 n.2 (2d Cir. 2015).

SO ORDERED.

Dated:   April 18, 2019
         New York, New York

                                           _____
                                           Ronnie Abrams
                                           United States District Judge